UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS and SAN FRANCISCO CRAB BOAT OWNERS ASSOCIATION, INC., | ) 1:12-CV-01303-LJO-MJS ) ) **SCHEDULING ORDER** (Fed. R. Civ. P 16) ) |
| Plaintiffs, | ) ) |
| v. | ) Admin. Record To Be Lodged:  July 19, ) 2013 |
| UNITED STATES DEPARTMENT OF THE INTERIOR, and UNITED STATES BUREAU OF RECLAMATION, | ) ) Plaintiffs' MSJ Deadline:   Aug. 23, 2013 ) |
| Defendants, | ) Defs' Cross-MSJ/Opp'n:   Sept. 27, 2013 ) ) Plaintiffs' Opp'ns/Reply:        Oct. 25, 2013 |
| WESTLANDS WATER DISTRICT, SAN LUIS WATER DISTRICT, and PANOCHE WATER DISTRICT, | ) ) Defendants' Reply:     Nov. 22, 2013 ) |
| Defendant-Intervenors. | ) ) |
| _____ | ) |

This Court conducted a scheduling conference on May 30, 2013. All parties

appeared by telephone.  Stephan Volker appeared on behalf of Plaintiff. Joseph H. Kim

appeared on behalf of Defendant. Martin Ruano appeared on behalf of Defendant-

Intervenors.

Pursuant to Fed. R. Civ. P. 16(b), this Court sets a schedule for this action.

**1.     Current Status of Consent to Magistrate Judge Jurisdiction**

Pursuant to 28 U.S.C. § 636(c), not all the parties have  consented to conduct all

further proceedings in this case before the Honorable Michael J. Seng, U.S. Magistrate

Judge.

**2.     Joinder of Additional Parties and Amendment of Pleadings**

No additional parties or amendments to the pleadings are contemplated at this

1   time.

2   **3.    Discovery, Evidence, Pretrial, and Trial Procedures**

3   The parties  anticipate that this case can and will be resolved on the basis of the

4   evidence existing in the Administrative Record. and the parties' cross-motions for

5   summary judgement.  Accordingly, the Court schedules the filing of the record and filing

6   of cross motions for summary judgement papers as below, while reserving discussion

7   and resolution of issues related to other potential discovery, evidence, pretrial, and trial

8   procedures  and isses until after the Court rules on the cross-motions for summary

9   judgment.

10  **4.    Administrative Record**

11  On or before July 19, 2013, Defendants shall lodge with the Court and serve on

12  the all parties a copy of the Administrative Record in an electronically accessible format.

13  Defendants shall also electronically file in the record of this case an index to the

14  Administrative  Record and a notice that the Administrative Record has been so lodged.

15   Defendants shall retain an identical copy of the electronically accessible Administrative

16  Record for purposes of appeal.

17  **5.    Dispositive Motions Schedule**

18  a.    Briefing Limits.

19  Unless prior leave of the Court is obtained, no moving  or opposition briefs or

20  legal memorandum shall exceed twenty-five (25) pages. Reply briefs by the moving

21  party shall not exceed ten (10) pages. These page limitations do not include exhibits.

22  Briefs that exceed these page limitations may not be considered by the Court.

23  b.    Non-Dispositive Motions

24  Counsel do not anticipate the filing of any non-dispositive motions. In the event a

25  need for same appears to arise, the party wishing to file such a motion must contact

26  Judge Seng's courtroom deputy Laurie Yu and arrange a Telephonic Dispute

27  Conference.  No non-dispositive motions may be filed without approval of Judge Seng.

28

b.    <u>Dispositive Motions</u>

The Parties have agreed to file cross-motions for summary judgment on or before the following respective deadlines:

Plaintiffs' Summary Judgment Motion:         August 23, 2013

Defendants' Cross-Motions and Oppositions:   September 27, 2013

Plaintiffs' Oppositions and Replies:         October 25, 2013

Defendants' Replies:                         November 22, 2013

No hearing date will be set at this time. Upon review of all of the pleadings, the Court will notify the parties if the Court believes a hearing would help resolve the disputes.

Inasmuch as the Court's factual review will be limited to the Administrative Record, the parties are  exempted from filing and responding to "Statements of Undisputed Facts" otherwise required  by L.R. 260(a) and (b).

Prior to filing a motion for summary judgment or motion for summary adjudication the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion. The purpose of the meeting shall be to: 1) determine whether the respondent agrees that the motion has merit in whole or in part, 2) discuss whether issues can be resolved without the necessity for briefing, 3) narrow the issues for review by the court, and 4) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion.

In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer.

**9.    Prospects for Settlement**

The Parties indicate that prospects for settlement are remote. Accordingly, no settlement conference will be scheduled. Should future developments lead the Parties to believe a settlement conference would be helpful, the Parties are encouraged to contact the Court.

**11.    Related Matters Pending**

There are no pending related matters.

**12.    Compliance with Federal Procedure**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

**13.    Effect of this Order**

This order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

The failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:    May 31, 2013                            /s/ *Michael J. Seng*
                                                      UNITED STATES MAGISTRATE JUDGE

4